IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BISHME WALKER,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: WDQ-10-2739
CRIMINAL NO.: WDQ-07-0146

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Bishme Walker has moved *pro se* to alter or amend this Court's March 31, 2011 judgment denying his petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, the motion will be denied.

I. Background

On March 27, 2007, Walker was indicted for conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. ECF No. 13. On October 15, 2007, Walker's jury trial began. Walker was represented by Stanley Needleman, Esquire. ECF No. 45 at 10.

At trial, law enforcement officers testified that they had seen Walker and his co-defendant, Lamont Johnson, exchange narcotics in Walker's car, which was parked near Mo's Seafood Restaurant in Baltimore. Trial Tr. 97:0-101:22. When the officers ordered Walker and Johnson to leave the car, they saw

two plastic baggies containing heroin. *Id.* 102:3-6. While searching the car, officers recovered three other bags of heroin. *Id.* 102:18-21. Nearly 500 grams of heroin was seized from Walker's car; officers testified that the heroin was worth about $50,000 and was packaged for further sale. *Id.* 105:11-106:8. On October 16, 2007, the jury found Walker guilty. ECF No. 30.

On January 11, 2008, Walker was sentenced to 262 months imprisonment. ECF No. 34. Walker timely appealed his conviction and sentence to the Fourth Circuit. On March 24, 2009, the Fourth Circuit affirmed. ECF No. 41. Walker then filed a petition for writ of certiorari which was denied on October 5, 2009. ECF No. 51, Ex. A.

On October 1, 2010, Walker filed his motion to vacate, arguing that Needleman was ineffective counsel because he failed to (1) "present [a] buyer-seller defense," or (2) call Walker "to testify on his own behalf." ECF No. 45 at 2-5. Walker also complained that his appellate counsel, Gary Ticknor, Esquire, was ineffective because he failed to challenge the sufficiency of the evidence supporting Walker's conviction. *Id.* at 6; ECF No. 36.

On March 31, 2011, this Court denied Walker's motion as untimely because it appeared he had not filed a petition for writ of certiorari. ECF No. 49. On April 20, 2011, Walker

2

filed his motion to amend arguing that his § 2255 motion was timely and should have been granted. ECF No. 51. Upon review, the Court determined that Walker's § 2255 motion was timely and ordered the Government to respond to the substance of his claims. ECF No. 52. Only July 1, 2011, the Government filed its response. ECF No. 53. On July 22, 2011, Walker moved for a 30-day extension of time to file a reply. ECF No. 54. The Court granted Walker's motion. ECF No. 55. On September 1, 2011, Walker filed his reply. ECF No. 56.

II. Analysis

    A. Standard of Review

A motion to alter or amend filed within 28 days of judgment is analyzed under Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may grant a motion to alter or amend the judgment to: (1) accommodate an intervening change in controlling law; (2) account for new evidence previously unavailable; or (3) correct a clear error of law or prevent manifest injustice. *Gagliano v. Reliance Std. Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008). Rule 59(e) may not be used to relitigate old matters or raise arguments that could have been made before judgment was entered. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S. Ct. 2605, 2617 n.5 (2008).

B.   Ineffective Assistance of Counsel

Walker argues that the judgment denying his § 2255 motion should be amended because his counsel was ineffective, which the Court did not consider in its March 31, 2011 opinion.

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Under *Strickland's* two-part test, Walker must prove that: (1) counsel's deficient performance (2) prejudiced his defense. *Id.* at 687; *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010).

Deficient performance requires Walker to show that his counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 686, 689. This standard of review is "highly deferential," and there is a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance". *Id.* at 668.

To demonstrate prejudice, Walker must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686.

4

1. Failure to Present "Buyer-Seller" Defense

Walker argues that Needleman was ineffective because he failed to present a "buyer-seller" defense. ECF No. 45 at 4. Walker does not explain what he means by "buyer-seller" defense, and he confusingly argues that Needleman should have presented evidence to the jury that he had "arrived at . . . Mo's Seafood with 500 grams of heroin to sell to an individual." *Id.* Walker suggests that Needleman should have argued that he was only a seller and not part of a conspiracy. ECF No. 56 at 4.

Walker relies on *United States v. Townsend*, 924 F.2d 1385 (1991), in which the Seventh Circuit held that proof that an alleged conspirator passively assisted a willing buyer in finding a willing seller of drugs would not, by itself, establish an agreement between the facilitator and the seller to distribute drugs. *Id.* at 1413-14. However, this defense is "unavailable to [a] defendant who himself distributed [the] drugs." *United States v. Sampler*, 368 F. App'x 362, 366 (4th Cir. 2010). The evidence at trial showed that Walker "was actively involved in the conspiracy to distribute [heroin]." *Id.* The drugs were stored in Walker's car, and he was seen engaging in a drug transaction with Johnson. As there was no factual basis for the "buyer-seller" defense, Walker was not prejudiced by Needleman's failure to argue it.

5

2. Failure to Call Walker to Testify

Walker argues that Needleman was ineffective because he did not call Walker to testify at trial. At trial, Walker was advised of his right to testify or to remain silent, and Needleman explained that it was Walker's choice. Trial Tr. 203:2-21. Further, Walker concedes that he arrived at Mo's Seafood "with 500 grams of heroin to sell to an individual," and he had a previous felony narcotics conviction. Accordingly, even if Needleman—not the defendant—had made the decision not to call Walker, that decision would not have been unreasonable or prejudicial given the impeachment evidence available to the prosecution.

3. Failure to Argue Insufficient Evidence on Appeal

Walker argues that Ticknor should have argued on appeal that there was insufficient evidence to support his conviction. As discussed above, the evidence at trial was that officers saw a drug transaction between Walker and Johnson, and 500 grams of heroin, with a street value of $50,000, was recovered from Walker's car.

The argument that Walker's conviction was unsupported would have been futile, and his appellate counsel was not ineffective for failing to raise it. *See United States v. Mills*, 995 F.2d 480, 485 n. 1 (4th Cir. 1993) ("evidence of a buy-sell transaction is . . . relevant (i.e. probative) on the issue of

whether a conspiratorial relationship exists" and "evidence of buy-sell transaction, when coupled with a substantial quantity of drugs . . . support[s] a reasonable inference that the parties were co-conspirators."). Accordingly, Walker has not shown that the denial of his § 2255 petition was a "clear error" or that the judgment has caused "manifest injustice," and his motion to amend will be denied.[1]

C. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. See 28 U.S.C. §(c)(1). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(internal quotations omitted). Because Walker has not

---

[1] Walker requests an evidentiary hearing before the Court decides his motion. 28 U.S.C. § 2255 provides for a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The motion, files, and records are conclusive in this case: Walker is not entitled to relief.

made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Walker's motion to amend will be denied.

| | |
|---|---|
| 9/8/11 | *[signature]* |
| Date | William D. Quarles, Jr.<br>United States District Judge |